UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| GUSTAV J. BUCHHOLZ, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALLTRAN FINANCIAL, LP., and LVNV FUNDING, LLC,<br><br>Defendants. | CLASS ACTION COMPLAINT<br><br>CASE NO.1:18-cv-00486<br><br>DEMAND FOR JURY TRIAL |

**CLASS ACTION COMPLAINT**

NOW comes GUSTAV J. BUCHHOLZ ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), on behalf of himself and all others similarly situated, complaining as to the conduct of ALTRAN FINANCIAL, LP ("Alltran"), and LVNV FUNDING, LLC ("LVNV") (collectively, "Defendants") as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this this class action on behalf of himself and numerous other individuals pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendants' unlawful conduct.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692k(d) and 28 U.S.C. §§1331.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business in the Western District of Michigan and a substantial portion of the events or omissions giving rise to the claims occurred within the Western District of Michigan.

## PARTIES

4. Plaintiff is a 70 year old natural "person," as defined by 47 U.S.C. §153(39), residing in Spring Lake, Michigan, which lies within the Western District of Michigan.

5. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a, because he is a natural person obligated or allegedly obligated to pay any debt arising out of a transaction where the subject of the transaction was primarily for personal, family, or household purposes.

6. Plaintiff is "any person" as that term is used in 15 U.S.C. § 1692d.

7. Alltran is a collection agency that "provides collection . . . services to support business in four main industries," – healthcare, financial services, higher education, and government.[1] Alltran is a limited partnership organized under the laws of the state of Texas with its principal place of business located at 5800 North Course Drive, Houston, Texas.

8. LVNV is a company that "purchases portfolios of . . . consumer debt owned by credit grantors including banks and finance companies, and by other debt buyers."[2] LVNV is a limited liability company organized under the laws of the state of Delaware with its principal place of business located at 6801 South Cimarron Road, Suite 424-J, Las Vegas, Nevada.

9. Upon information, Alltran and LVNV are related companies operating, collectively and in combination with other unnamed entities, as "Resurgent Companies."

10. Defendants are debt collectors, as defined by 15 U.S.C. § 1692a, because they are persons who use any instrumentality of interstate commerce or the mails in a business the principal purpose

---

[1] http://alltran.com/
[2] http://www.lvnvfunding.com/

of which is the collection of debts, and because they regularly use the mails and/or telephones to collect, or attempt to collect, directly or indirectly consumer delinquent debts owed or due or asserted to be owed or due another.

11. Defendants are "person[s]" as defined by 47 U.S.C. §153(39).

12. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTUAL ALLEGATIONS

13. On information and belief, Alltran, on behalf of or at the direction of LVNV, began collecting on an alleged delinquent consumer account ("subject debt") said to be owed by Plaintiff.

14. The subject debts arose out of Plaintiff's past due payments on a personal line of credit obtained through Credit One Bank, N.A., which constitutes a transaction in which money, property, insurance or services, serving as the subject of the transaction, were for personal, family, or household purposes; therefore, the subject debt is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

15. Within the one (1) year preceding the filing of this Complaint, Defendants communicated and/or attempted to communicate with Plaintiff in an attempt to collect the subject debt.

16. On or about September 22, 2017, Alltran mailed or caused to be mailed to Plaintiff the first in a series of similar form collection letters ("Collection Letters") via U.S. Mail in an attempt to collect the subject debt from Plaintiff. *See Alltran's Collection Letters to Plaintiff, attached hereto as* **Exhibit "A"**.

17. In addition to the September 22, 2017 Collection Letter, Alltran sent Plaintiff nearly identical Collection Letters on or about November 17, 2017 and January 26, 2018.

18. On these letters, Alltran refers to Plaintiff's account as "a pre-legal account." Per the letters, "[a] pre-legal account is one that has been identified and sent to us by our creditor client as an account eligible for legal review." Alltran's Collection Letters go on to state, "[i]f our collection efforts fail, our creditor client will consider forwarding your account to an attorney's office for potential legal action." The above-quoted language will hereinafter be referred to as "pre-legal language."

19. Notwithstanding the passage of nearly seven months and the repeated suggestion that Plaintiff would be subjected to legal action in the event Alltran's collection efforts failed, Plaintiff has not been subjected to any sort of legal proceedings stemming from the subject debt.

20. In addition to the representations regarding legal action, the Collection Letters also make various offers to Plaintiff to pay the subject debt.

21. The Collection Letters state that the "[t]otal due" is $804.46.

22. The September 22, 2017 Collection Letter offers Plaintiff, *inter alia,* the option to "pay the full balance in six monthly payments of $134.08."

23. The November 17, 2017 Collection Letter offers Plaintiff, *inter alia,* the option to "pay the full balance in eight monthly payments of $100.56."

24. The January 26, 2018 Collection Letter makes the same offer as the November 17, 2017 Collection Letter.

25. Even with the different number of payments and different amounts that would be paid on each discrete payment, if Plaintiff were to elect to take any of the above referenced options, he would have paid $804.48, two cents more than his purported obligation on the subject debt.

26. The various language and representations discussed above demonstrate Defendants' deceptive, misleading, and unfair collection practices in violation of the FDCPA.

27. All of Defendants' collection actions at issue occurred within one year of the date of the filing of the Complaint in this matter.

## CLASS ACTION ALLEGATIONS

28. Plaintiff brings this action on his own behalf and as a class action on behalf of the following class:

> All persons who received a Collection Letter during the one year preceding the filing of this action through the date of class certification from Alltran that contained the "pre-legal language" and that contained an offer to settle a purported debt or account for an amount greater than the "[t]otal due."

29. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(a).

30. The Class consists of hundreds or more persons throughout the United States, such that joinder of all Class members is impracticable.

31. There are questions of law and fact that are common to the Class members that relate to Defendants' violations of the FDCPA, particularly because these are form Collection Letters and are based on a common course of conduct by Defendants.

32. The claims of Plaintiff are typical of the claims of the proposed Class because they are based on the same legal theories, and Plaintiff has no interest that are antagonistic to the interests of the Class members.

33. Plaintiff is an adequate representative of the Class and has retained competent legal counsel experienced in class actions and complex litigation.

34. The questions of law and fact common to the Class predominate over any questions affecting only individual Class members, particularly because the focus of the litigation will be on the conduct of Defendants. The predominant questions of law and fact in this litigation include,

but are not limited to: (i) whether Defendants violated the FDCPA by sending Collection Letters to Class Members using the "pre-legal language"; (ii) whether Defendants violated the FDCPA by sending Collection Letters to Class Members using the "pre-legal language" and failing to send consumer accounts to litigation; (iii) whether Defendants violated the FDCPA by offering payment options that would result in consumers paying more than the amount of the purported debt; (iv) whether LVNV is directly liable for its role in the sending of the Collection Letters; (iv) whether LVNV is vicariously liable for Alltran's sending of the Collection Letters; and (v) the type and amount of relief to which the Plaintiff and Class members are entitled.

35. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, as the pursuit of hundreds of individual lawsuits would cause a strain on judicial resources and could result in inconsistent or varying adjudications, yet each Class member would be required to prove an identical set of facts in order to recover damages.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

36. Plaintiff repeats and realleges paragraphs 1 through 35 as though fully set forth herein.

    **a. Violations of 15 U.S.C § 1692e**

37. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

38. In addition, this section enumerates specific violations, such as:

> "The false representation of – the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2).

> "The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5).

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

39. Defendants violated 15 U.S.C. §§ 1692e, e(5), and e(10) by threatening to take legal action it did not intend to take. Alltran's Collection Letters containing the "pre-legal language" demonstrates the numerous threats of legal action made by Defendants to Plaintiff. However, Defendants' conduct illustrates that such threats were idly made with the hope that the increased pressure of potential litigation would compel Plaintiff to make payment. The series of Collection Letters suggests that, in the event Defendants' collection efforts failed, Plaintiff's account could be referred to an attorney for litigation. However, Plaintiff has received numerous collection letters over the past 7 months containing the same threats of litigation, yet no legal proceedings have been commenced. As such, it appears as though Defendants makes their litigation threats absent the intent to follow through, and therefore is in violation of the FDCPA.

40. Defendants further violated 15 U.S.C. §§ 1692e, e(2), and e(10) when they falsely represented the amount of Plaintiff's debt. The settlement offers in Alltran's Collection Letters wherein Plaintiff would have had to pay more than the "Total due" on the debt constitute false representations as to the amount of the debt and is in violation of the FDCPA.

    b. **Violations of 15 U.S.C. § 1692f**

41. The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f(1) further prohibits "[a]ttempt[s] to collect any amount not authorized by the agreement creating the debt or permitted by law.

42. Defendants violated 15 U.S.C. §§ 1692f and f(1) when it unfairly and unconscionably attempted to collect an amount greater that Plaintiff's actual obligation on the subject debt. One of the settlement options presented by Defendants would have resulted in Plaintiff making installment payments totaling an amount greater than Plaintiff's actual obligation on the subject debt. As such,

Defendants attempted to collect an amount not authorized by the agreement creating the debt or permitted by law and, therefore, are in violation of the FDCPA.

43. Although Alltran was the entity that sent the Collection Letters to Plaintiff and Class members, LVNV's relationship with Alltran renders it either directly liable for the above referenced violations of the FDCPA, or vicariously liable for the FDCPA violations engaged in by Alltran.

WHEREFORE, Plaintiff, GUSTAV J. BUCHHOLZ, respectfully requests that this Honorable Court grant the following:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Certification of the Class requested above and appointment of the Plaintiff as Class Representative and of his counsel as Class Counsel;

c. Statutory damages under 15 U.S.C. § 1692k(a);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: April 30, 2018                                  Respectfully submitted,

s/ Nathan C. Volheim                                   s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                       Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                                  Counsel for Plaintiff
Admitted in the W.D. Michigan                          Admitted in the W.D. Michigan
Sulaiman Law Group, Ltd.                               Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200                    2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                                Lombard, Illinois 60148
(630) 568-3056 (phone)                                 (630) 581-5858 (phone)
(630) 575-8188 (fax)                                   (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                               thatz@sulaimanlaw.com